NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BILLIE RUSSELL, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

RUSSELL S. BLACKMAN, *Respondent Employer*,

SENTINEL INS CO, *Respondent Carrier*.

No. 1 CA-IC 20-0029

FILED 1-26-2021

Special Action - Industrial Commission
ICA Claim No. 20190-730249
Carrier Claim No. Y2EC09681
The Honorable Kenneth Joseph Hill, Administrative Law Judge

**AFFIRMED**

COUNSEL

Billie Russell, Peoria
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Norton & Brozina, P.C., Phoenix
By Christopher S. Norton, Richie J. Edwards
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        Petitioner Billie Russell appeals an award issued by the Industrial Commission of Arizona ("ICA"), finding that she filed her worker's compensation claim later than the one-year deadline. Because of that late filing, the ICA lacked jurisdiction to hear the merits of her claim. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        The uncontested record shows Russell filed her claim with the ICA on March 7, 2019, alleging she had a work-related injury in her right elbow. She identified the date of injury as January 26, 2018, the date that she saw her treating physician, Dr. Jason McNeil, and received a corticosteroid shot in her elbow. Russell testified at the hearing that during the January 26, 2018 office visit, Dr. McNeal told her that her elbow injury was work-related. Russell described the elbow injury not as an acute injury, but one gradually brought on by repetitive motions at work, causing the symptoms to become worse over time. She testified that she used the January 26, 2018 date as the "date of injury" because that was the first time she saw Dr. McNeil for the elbow injury. However, she did not file a worker's compensation claim at that time because she was going to "take care of it" herself. She did not file her claim until March 2019 because that was when Dr. McNeil told her she required surgery. Dr. McNeil testified that he told Russell that her elbow injury was related to her work as a dental assistant, and he was certain he had done so even before the January 26, 2018 office visit. His office visit notes from January 26, 2018 confirm he believed at the time that a work-related condition caused her elbow pain.

¶3        The administrative law judge found that Russell knew or should have known she had an industrial injury no later than January 26, 2018. Thus, she had until January 26, 2019, to file her claim. Because she

did not meet that deadline, the administrative law judge found the ICA did not have jurisdiction to decide whether her claim is compensable.

## DISCUSSION

**¶4**         Arizona Revised Statutes ("A.R.S.") section 23-1061(A) provides, in the absence of certain exceptions, one year to file a worker's compensation claim.  Russell does not allege the existence of any exception.  This statutory time limit applies to acute and gradual injuries alike.  *Nelson v. Indus. Comm'n*, 134 Ariz. 369, 371 (1982).  The year begins to run when the injury occurs or accrues.  A.R.S. § 23-1061(A).  An injury accrues "when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that the claimant has sustained a compensable injury."  *Id.*  The ICA and the courts do not have jurisdiction to hear untimely filed claims.  *Id.*

**¶5**         We will affirm an award "if it is reasonably supported by the evidence after reviewing the evidence in a light most favorable to sustaining the award."  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  On appeal, Russell argues she believed she could not have filed a claim in January 2018 because her injury was just "tendonitis," and her claim would have been "inappropriate."  She offers no legal authority for that argument, and we reject it as contrary to worker's compensation law in Arizona.  Dr. McNeil's testimony, that he told Russell about the work-related cause of her elbow problem prior to January 2018, and his notes from the office visit in January 2018, confirm he believed the injury was work-related on that date.  The record plainly shows Russell knew her injury was related to her work activities as of January 2018 when Dr. McNeil told her.  She admitted it in her testimony.  There is, therefore, substantial evidence upon which the administrative law judge could reasonably rely to find that the injury accrued in January 2018.  Russell's March 2019 claim is clearly outside the one-year filing deadline.

## CONCLUSION

**¶6**         We affirm the award finding that neither the ICA nor this court has jurisdiction to hear the merits of Russell's claim.

